Judge Robertson
delivered the opinion of the Court.
Pkofater bad a lien on a negro girl of Hugh Talbot, for indemnity, as Talbot’s security, in a replevin bond. Hall bought the girl, and sold her t° Profater, who agreed to pay him for her, whatever the amount which he should be compelled to pay on replevin bond, should fall, short of $300.
Profator afterwards paid the amount of the reple-v*n k°nc^ which was not equal to the stipulated price of the girl. But he also paid the costs and damages decreed on the dissolution of an injunction obtained, Proveuf enforcement or the replevin bond, And if he be entitled to a credit, for this last sum, there will be but little due to Hall; otherwise, there wj¡j ke ,]116 tjle amount of the costs and damages, , ,, . 0 arid something more.
Hail sued Profater. But the court instructed the jury, that Profater was entitled to a credit for the costs and damages of the injuction, and they conse-cluentl3' f°und a verdict against Hall.
This instruction was evidently proper.,, It is sustained, as well by the spirit, as the letter of the covenant. The costs and damages were, it is true, no Pfirt ^le reldev'u bond. They were not necessarily incidental to it,-or consequential from it. Profater would have been equally entitled to credit for any other advance made for, or on account of Talbot, if die *iad been.bound only on the Replevin bond, when he bought the girl; but he was also bound in the injunction bond; and executions issued on the replevin bond, and on the decree for costs and damages, simultaneously; and in about a month after the purchase of the negro by Profater. The covenant which he gave to Hall, stipulates, that he shall have credit for the amount of the replevin, and for “all costs and damages'''1 for which he might “he liable in that case.5' But there was a balance of two or three dollars, after paying off both executions. To this Hall wa- *131 entitled. He was entitled to a judgment for-the bal-anee, however small; for this minute error, the judgment must be reversed, and the cause remanded a new trial.
Depew, for plaintiff; T. Marshall, for defendant..